ORIGINAL           FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAY 1 2 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

GENEVIEVE C. WALKER,

      Plaintiff,

                        Case No.: 04-CV-73797-DT

vs.                      HON. JOHN CORBETT O'MEARA
                            MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Before the Court is Defendant's "Motion to Dismiss," filed November 7, 2004. At issue is whether Plaintiff's Complaint should be dismissed because it was not filed within the statutory time limit of 42 U.S.C. § 405(g). Plaintiff, Genevieve C. Walker, seeks judicial review of a final decision of the Commissioner of Social Security, which denied her application for a Plan for Achieving Self Support (PASS). The Notice of Appeals Council Action, dated March 29, 2004, specifically informed Plaintiff that she had sixty days after she received the Notice to file a civil action to review the decision.[1] The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council.[2] The Notice went on to state that if Plaintiff could not file for court review within sixty days, she could ask the Appeals Council

---

[1] Defendant's November 7, 2004, Brief in Support of her Motion to Dismiss (Defendant's Brief) at page 2.

[2] Defendant's Brief at page 3.

1

to extend her time to file. On May 27, 2004, and July 19, 2004, Plaintiff sought and thereafter obtained extensions of time in which to file her civil action from the Appeals Council.[3] The final extension required Plaintiff to file her action by August 27, 2004. Plaintiff filed her petition for judicial review on September 28, 2004.

## II.   LAW

The Social Security Act in relevant part provides that:

> Any individual after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The sixty day period for filing an action for review of denial of a claim is not jurisdictional, but rather a period of limitation, which must be strictly constructed. Bowen v. City of New York, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029 (1986).

The regulations provide that a civil action must be commenced within sixty days after Notice of the Appeals Council decision is received by the individual. See 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481. The regulations further provide that receipt of Notice of the Appeals Council's decision is presumed two days after the date of Notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401; 404.1715(b).

In Bowen, the Supreme Court held that traditional equitable tolling principles were applicable to the sixty day appeal period set forth in § 405 (g). Bowen, 476 U.S. at 480. The test for

---

[3]Defendant's Brief at page 2.

determining whether equitable tolling is appropriate was set out by the Sixth Circuit in <u>Andrews v. Orr</u>, 851 F.2d 146, 151 (6th Cir. 1988). <u>Andrews</u> required the court to consider five factors when determining the appropriateness of equitable tolling: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. The plaintiff bears the burden of establishing the equitable tolling exception. <u>Courtney v. La Salle Univ.</u>, 124 F.3d 499, 505 (3rd Cir. 1997).

The Sixth Circuit has consistently upheld the proper application by a district court of the limitation period contained in § 405(g). *See* <u>Day v. Shalala</u>, 23 F.3d 1052, 1058 (6th Cir. 1994). Only in cases where equity favors extending the filing period should the courts extend the time allowed for commencing a civil action. <u>Bowen</u>, 476 U.S. at 480-81.

## III. ANALYSIS

Plaintiff does not contest that her Complaint was filed untimely. Therefore, the only issue is whether equitable tolling is appropriate. On the facts in this case, I conclude it is not.

The first four factors weigh against equitable tolling, and the fifth factor is not applicable because Plaintiff was not ignorant of the legal requirements of filing her claim.

As to the first two requirements, Plaintiff does not contest that she had notice of the time deadlines. Indeed, it was Plaintiff who sought and received two extensions of time, which clearly advised her of the filing deadlines.

As to factor three, Plaintiff has not established that she was diligent in pursuing her rights. Plaintiff attempted to file a complaint in July of 2004, which failed to meet procedural requirements.

Plaintiff was advised during the filing attempt as to what steps were necessary to properly file her complaint. Plaintiff had almost a month after receiving that advice in which to timely file her complaint and failed to do so. Plaintiff offers no explanation for her failure to file in a timely manner.

Finally, as to factor four, Defendant would suffer prejudice. The Supreme Court in <u>Bowen</u> noted that the limitations embodied in § 405(g) serves as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." <u>Bowen</u>, 476 U.S. at 481.

## IV. <u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: __MAY 1 2 2005__

ORIGINAL

## CERTIFICATION OF SERVICE

FILED

MAY 1 2 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA )
                         ) ss   Case No.: 04-CV-73636–DT
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 12th day of May 2005, mailed a copy of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable John Corbett O'Meara
United States District Judge
231 W. Lafayette, Room 257
Detroit, Michigan 48226

Vanessa M. Mays
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

Genevieve Walker
101 Boehme, 4B
Mt. Clemens, Michigan 48043

Social Security Administration
Office of the Regional Counsel
200 W. Adams Street, 30th Floor
Chicago, Illinois 60606

*Marsha Heinonen*
Marsha Heinonen
Deputy Clerk